IN THE SUPERIOR COURT



**FILED**
September 07, 2021 02:34 PM
SX-2019-CV-00309
**TAMARA CHARLES**
**CLERK OF THE COURT**

## SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| ORIENTAL BANK,<br><br>                  PLAINTIFF,<br><br>      V.<br><br>NEHEMIAH FREY AND TARA N. LEE<br>A/K/A TARA LEE,<br><br>             DEFENDANTS. | Civil No. SX-2019-CV-309<br><br>ACTION FOR DEBT &<br>FORECLOSURE OF<br>REAL PROPERTY<br>MORTGAGE<br><br>CITE AS: 2021 VI SUPER 93 |

**Appearances:**
Samuel T. Grey, Esq.
Groner & Grey, P.C.
Christiansted, U.S. Virgin Islands
*For Plaintiff*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Presiding Judge**

¶ 1 **THIS MATTER** came before the Court on Plaintiff Oriental Bank's (hereinafter "Plaintiff") motion for default judgment, filed on May 6, 2021.

### BACKGROUND

¶ 2 On July 17, 2019, Bank of Nova Scotia (hereinafter "BNS") filed a complaint against Defendant Nehemiah Frey (hereinafter "Frey") and Defendant Tara N. Lee a/k/a Tara Lee (hereinafter "Lee" and together with Frey, "Defendants") in connection with a promissory note and a first priority mortgage. In its complaint, BNS alleged two causes of action—Count I-debt and Count II-foreclosure of real property mortgage—and made the following allegations in support thereof: (i) Defendants are titleholders of the following real property: "Plot No. 40 (comprising 1.7637 U.S. acre, more or less) of Estate River, Prince Queen, St. Croix, U.S. Virgin Islands as more particularly shown on OLG Drawing No. 4193-F, dated December 5, 1986; revised January

29, 1987" (hereinafter "Property"). (Compl. ¶ 4); (ii) On July 30, 2008, Defendant Frey execute and delivered to BNS a promissory note (hereinafter "Note") "obligating Defendant Frey to pay the principal amount of Forty-Seven Thousand Four Hundred Five Dollars and No Cents ($47,405.00), together with interest at the rate of 4.5% per annum." (Compl. ¶ 5); (iii) To secure payment of the Note, Defendants executed and delivered to BNS a first priority mortgage, dated July 30, 2008 (hereinafter "Mortgage"), against the Property. (Compl. ¶ 7); (iv) Subsequently, Defendant Frey "defaulted under the terms and conditions of the Note" and Defendants "defaulted under the terms and conditions of the Mortgage." (Compl. ¶¶ 9-10); (v) Despite notice of default given to Defendant Frey, "[t]o date, the default has not been cured and [Defendant] Frey remains in default under the terms of the Note." (Compl. ¶ 11); (vi) "Pursuant to the terms of the Note and Mortgage, BNS has elected that the whole principal sum with all unpaid accrued interest shall be immediately due and payable." (Compl. ¶ 14); (vii) "To date, principal, accrued interest, and other amounts remain due and outstanding from [Defendant] Frey to BNS." (Compl. ¶¶ 12-15); (viii) "The Mortgage provides that BNS is entitled to all court expenses, disbursements, and attorneys' fees incurred in collecting the obligation due under the Mortgage." (Compl. ¶ 16); (ix) "BNS is the holder of the Mortgage, and is entitled to maintain this foreclosure action." (Compl. ¶ 24); and (x) "BNS is entitled to foreclosure of its lien upon the property, the sale of the Property to satisfy the Note, and the recovery of any deficiency from [Defendant] Frey." (Compl. ¶ 26.) BNS sought for the following relief: (i) Judgment that [Defendant] Frey is indebted to BNS in the amount of $38,067.38," (ii) "Judgment declaring that [Defendant] Frey has defaulted under the terms of the Note and that [Defendants] have defaulted under the terms of the Mortgage, thereby entitling BNS to exercise all of the remedies provided for in those instruments," (iii) "Judgment declaring the

outstanding unpaid debt due on the Note, including principal, interest, costs, expenses, and attorneys fees," (iv) "Judgment against [Defendant] Frey awarding BNS all amounts declared due on the Note," (v) "Judgment foreclosing the Mortgage lien of BNS," (vi) "Judgment ordering that the Property be sold and that BNS be paid from the proceeds of the sale all amounts due on the Note, including, but not limited to, any sums that BNS may pay for insurance premiums, taxes, or other charges with respect to the Property, with interest from the date of payment," (vii) "Judgment declaring that [Defendants], and all persons claiming from and under them are barred and forever foreclosed of all right, title lien, claim, and equity of redemption in and to the Property, subject only to the statutory right of redemption except where waived and released," (viii) "Judgment against [Defendant] Frey for any deficiency that may remain after the sale of the Property," (ix) "An order appointing a receiver, if requested by BNS, to collect and receive the rents and profits from the Property, if any, during the pendency of this action," and (x) "Judgment awarding BNS such other and further relief as is just and equitable." (Compl. pp. 1-2.) The following documents were attached as exhibits to the complaint: Exhibit A-a copy of a warranty deed for the Property, dated July 14, 2008, showing Richard M. Hart and Judith A. Hart as grantors and Defendants as grantees, Exhibit B-a copy of the Note, Exhibit C-a copy of the Mortgage, Exhibit D-a copy of the default letter from Scotiabank de Puerto Rico to Defendant Frey, dated April 11, 2018, and a various copies of the corresponding envelopes and certified mail labels addressed to Defendant Frey.

¶ 3     On May 14, 2020, the Court granted BNS's motion for substituted service by publication, granted BNS "leave to effect service upon [Defendants] by publication of the summons in the St. Croix Avis once in each week for four (4) consecutive weeks," and ordered that "a copy of the

summons and complaint be mailed to defendants, at their last known address." (May 14, 2020 Order.)

¶ 4    On July 16, 2020, the Court granted BNS's motion for substitution of parties, and ordered that the "caption reflect that Oriental Bank is substituted as Plaintiff in this action."[1] (July 16, 2020 Order.) On August 12, 2020, two copies of affidavit of service were filed—one for Defendant Frey and one for Defendant Lee—indicating that Defendants were personally served. On October 2, 2020, when Defendants failed to plead or otherwise defend, the Clerk of the Court granted Plaintiff Oriental Bank's motion for entry of default[2] and default was entered against Defendants.

¶ 5    On October 21, 2020, the Court entered an order whereby the Court granted Plaintiff's motion to dispense with mediation as required under Title 28 V.I.C. § 531.[3]

¶ 6    On May 6, 2021, Plaintiff filed this instant motion for default judgment.

## STANDARD OF REVIEW

¶ 7    Rule 55 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 55") governs entry for default and default judgment. An entry of default does not necessitate a default judgment. *See Chaput v. Scafidi*, 66 V.I. 160, 188 (Super. Ct. June 14, 2017) ("Plaintiffs do not win by default

---

[1] According to BNS's motion for substitution, "Oriental Bank, a wholly owned subsidiary of OFG Bancorp purchase the assets of [BNS] and Scotiabank de Puerto Rico including the interest held by the plaintiff in this matter" and that "[p]ursuant to V.I. R. Civ. P. 25(c) Oriental Bank as the current owner of the Note and the mortgage that are the subject of this action should be substituted into the action." (Motion for Sub., p. 1.) A copy of the United States Securities and Exchange Commission Form 8-K was attached as Exhibit 1 to BNS's motion for substitution.

[2] According to the affidavit of Samuel T. Grey, Esq., dated September 16, 2020, attached to Plaintiff's motion for entry of default, Samuel T. Grey, Esq. "swore according to law upon his oath deposes and says:…Based on information and belief, defendants are not infants, incompetent persons, nor are they engaged in the military service." (Grey Aff. ¶ 4.)

[3] Title 28 V.I.C. § 531 provides, in relevant part:

> (b) Prior to the entry of any judgment of foreclosure, the parties must provide the Court with evidence that a good faith effort was made to settle the matter through mediation. The type and form of the mediation report shall be prescribed by the Superior Court of the Virgin Islands.

Title 28 V.I.C. § 531(b).

just because the defendants fail to appear."). "[W]hen default is entered against a defendant, the defendant is admitting only to the allegations against him as alleged in the charging document." *Redemption Holdings, Inc. v. Gov't of the V.I.*, 65 V.I. 243, 255 (V.I. 2016) (citing *King v. Appleton* 61 V.I. 339, 346 (V.I. 2014)). In *King*, the Virgin Islands Supreme Court pointed out that "the Superior Court must consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusion of law" and that if the Superior Court determines that the unchallenged facts constitute a legitimate cause of action, then it is "to hold a default judgment hearing to establish the amount of damages." 61 V.I. at 346 (internal quotes and citations omitted) (footnote omitted). However, a default judgment can be entered without a hearing "[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain." *Appleton v. Harrigan*, 61 V.I. 262, 270 (V.I. 2014) (citing Super. Ct. R. 48(a)(1));[4] *see* V.I. R. Civ. P. 55(b)(1) ("If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the court or the clerk -- on the plaintiff's request, with an affidavit showing the amount due -- must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor

---

[4] The *Harrigan* court noted:

> "We again look to federal case law for persuasive authority because, even though Superior Court Rule 48 exclusively governs default judgment in the Superior Court, Federal Rule of Civil Procedure 55(b) similarly provides that default judgment can be entered without a hearing only where the damages sought are a "sum certain." SUPER. CT. R. 48(a)(1) ("When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, ... the clerk upon request of the plaintiff ... shall enter judgment for the net amount due and costs against the defendant."); FED. R. CIV. P. 55(b)(1) ("If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk ... must enter judgment for that amount and costs against a defendant.").")

> 61 V.I. at 270 n. 9.

Since *Harrigan*, the Virgin Islands Supreme Court adopted the Virgin Islands Rules of Civil Procedure, which went into effect on March 31, 2017. Subsequently, Superior Court Rule 48 was repealed on April 7, 2017 by Supreme Court Promulgation Order No. 2017-0006. While Superior Court Rule 48 has been repealed and the Federal Rules of Civil Procedure does not apply in this matter, the Court nevertheless finds the *Harrigan* court's analysis as to sum certain claims helpful here since Rule 55(b)(1) closely mirrors its federal counterpart and Superior Court Rule 48.

an incompetent person."). In *Harrigan*, the Virgin Islands Supreme Court explained that "[a] claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." 61 V.I. at 270. "In all other cases [not involving a claim for a sum certain], the party must apply to the court for a default... The court may conduct hearings or make referrals -- preserving any statutory right to a jury trial -- when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." V.I. R. CIV. P. 55(b)(2).

## DISCUSSION

¶ 8    In its motion, Plaintiff moved for the Court for an entry of judgment by default in favor of Plaintiff and against Defendants and an award of costs including reasonable attorney's fees. Plaintiff advised the Court, inter alia, that: (i) Defendant Frey "has failed to pay the principal and interest due pursuant to the Note and there remains past due and owing the principal and interest due pursuant to the Note and there remains past due and owing the principal sum of $33,303.56, together with accrued interest thereon to April 30, 2021, in the sum of $8,681.12, and late charges in the amount of $231.52 to April 30, 2021, with interest accruing thereafter at the rate of $6.2044. The Bank, in order to protect the security of the Mortgage, has expended the amount of $10.00 for original document fees; $1,170.00 for property inspections and $1,111.38 for the payment of property taxes for a total due as of April 30, 2021 in the sum of $44,507.58." (Motion, ¶ 11); and (ii) "Pursuant to paragraph 18.5 of the Mortgage, the plaintiff "is authorized to foreclose on the property mortgaged as security for the Note in the event of a default." (Motion, ¶ 13.) A copy of affidavit of proof of Michelle P. Thomas, "Advisor, Retail Operations Delinquency Management

Unit of Oriental Bank," and a copy of a one-page computer printout reflecting the payoff calculation in connection with Defendant Frey's loan with Plaintiff were attached to Plaintiff's motion.

## I. Whether Plaintiff is Entitled to a Judgment by Default

¶ 9    The Court must first determine whether the facts, as alleged in Plaintiff's complaint, constitute a legitimate cause of action.

### A. Debt Claim

¶ 10    As noted in *Carlos Warehouse v. Thomas*, "no Virgin Islands precedent (binding or persuasive) explains what common law rule governs a claim for money owed" and thus, a *Banks* analysis was necessary to determine whether a debt claim should be recognized under the common law of the Virgin Islands and what specific rules should apply. 64 V.I. 173, 183-84 (V.I. Super. Ct. May 12, 2016). The *Carlos Warehouse* court conducted a *Banks* analysis and concluded that "it is unquestionably the soundest rule for the Virgin Islands to recognize a claim for debt," *Id.* at 192 (quotation marks and internal citation omitted), and that "[t]o state a common law claim for debt under Virgin Islands law, the plaintiff must allege that the defendant owes a certain amount and that the defendant is or should be obligated to pay that amount." *Id.* Having reviewed the *Banks* analysis conducted in *Carlos Warehouse*, this Court sees no reason to depart from that ruling and adopts that analysis as though the same were set forth herein.

¶ 11    Based on the unchallenged facts, the Court finds that Defendant Frey owes Plaintiff a certain amount of money under the Note and Defendant Frey is obligated to pay Plaintiff such money. Thus, the Court concludes that the unchallenged facts constitute a legitimate cause of action for debt under Virgin Islands law.

### B. Foreclosure of Real Property Mortgage Claim

¶ 12    In *Carrillo v. Citimortgage, Inc.*, the Virgin Islands Supreme Court confirmed that for the plaintiff to prevail on the foreclosure claim, the plaintiff must establish that "(1) the debtor executed a promissory note and mortgage, (2) the debtor is in default under the terms of the note and mortgage, and (3) the lender is authorized to foreclose on the property mortgaged as security for the note." 63 V.I. 670, 674 (V.I. 2015).

¶ 13    Based on the unchallenged facts, the Court finds that Defendant Frey executed the Note, Defendants executed the Mortgage securing the Note, Defendant Frey is in default under the terms of the Note, Defendants are in default under the terms of the Mortgage, and Plaintiff is authorized to foreclose on the property mortgaged as security for the Note. Thus, the Court concludes that the unchallenged facts constitute a legitimate cause of action for foreclosure under Virgin Islands law.

### C. Damages

¶ 14    The Court must now determine whether a hearing is necessary to establish the amount of damages. Here, Plaintiff submitted the affidavit of Michelle P. Thomas, "Advisor, Retail Operations Delinquency Management Unit of Oriental Bank", and a copy of a one-page computer printout reflecting the payoff calculation in connection with Defendant Frey's loan with Plaintiff in support of its motion. Michelle P. Thomas stated in her affidavit that Defendant Frey "is in default of his obligations under the Note…and the Bank has exercised its option to accelerate the indebtedness evidenced by the Note and secured by the Mortgage," that "there remains past due and owing the principal sum of $33,303.56, together with accrued interest thereon to April 30, 2021, in the sum of $8,681.12, and late charges in the amount of $231.52 to April 30, 2021, with interest accruing thereafter at the rate of $6.2044," and that "[t]he Bank, in order to protect the security of the Mortgage, has expended the amount of $10.00 for original document fees;

$1,170.00 for property inspections and $1,111.38 for the payment of property taxes for a total due as of April 30, 2021 in the sum of $44,507.58." (Thomas Aff. ¶¶ 5-6.) The information contained in the one-page computer printout supports the numbers provided in Plaintiff's motion and in Michelle P. Thomas's affidavit. Additionally, Plaintiff had previously submitted a copy of the executed Note and a copy of the executed Mortgage with its complaint. Based on the foregoing, the Court finds Plaintiff's claim for the total amount Defendant Frey owes Plaintiff under the Note qualifies as a sum certain because "there is no doubt as to the amount to which [Plaintiff] is entitled as a result of [Defendant's] default." *Harrigan*, 61 V.I. at 270. In other words, the Court finds that there can be no dispute as to the amount due under the Note. Thus, a hearing is not necessary to establish the amount of damages in this matter.

### D. Foreclosure

¶ 15    In addition to Plaintiff's request for a judgment in the amount of $44,507.58, with interest accruing at the rate of $6.2044 per diem[5] after April 30, 2021, Plaintiff also requested for a judgment of foreclosure upon the Property. However, Plaintiff failed to submit a copy of the title search of the Property. Thus, the Court cannot discern whether there are any subsequent lienholders that should be made a defendant in this action. *See* Title 28 V.I.C. § 532 ("Any person having a lien subsequent to the plaintiff upon the same property or any part thereof, or who has given a promissory note or other personal obligation for the payment of the debt or any part thereof, secured by the mortgage or other lien which is the subject of the action, shall be made a defendant in the action."). Furthermore, if there are other liens recorded against the Property, the Court cannot

---

[5] Although not specified as "per diem" in the motion or in Michelle P. Thomas's affidavit, Plaintiff alleged in the complaint that the interest accrued on the principal at the rate of $6.2044 "per diem." (Compl. ¶ 18.)

discern the order of priority without the title search.[6] Accordingly, the Court will order Plaintiff to supplement its motion for default judgment with a certified copy of the title search of the Property.

## II. Whether Plaintiff is Entitled to Costs Including Reasonable Attorney's Fees

¶ 16 Plaintiff also requested costs, including reasonable attorney's fees, in its motion for default judgment and as part of the relief in the complaint. However, Plaintiff failed to provide any evidence supporting its request for costs and reasonable attorney's fees.[7] At this time, the Court will deny without prejudice Plaintiff's request for costs including reasonable attorney's fees. If Plaintiff wishes to move the Court for costs and reasonable attorney's fees, then Plaintiff should file a separate motion "[w]ithin 30 days after the entry of a final judgment or a judgment allowing costs" pursuant to Rule 54 of the Virgin Islands Rules of Civil Procedure, with proper briefing and supporting documents. *See* V.I. R. Civ. P. 54(d)(1)(A) ("Within 30 days after the entry of a final judgment or a judgment allowing costs, the prevailing party shall serve on the adverse party and file with the court a bill of costs, together with a notice of motion when application will be made to the court to tax the same.").

## CONCLUSION

¶ 17 Based on the foregoing, the Court will order Plaintiff to supplement its motion for default judgment with a certified copy of the title search of the Property and deny without prejudice Plaintiff's request for costs including reasonable attorney's fees. At this juncture, the Court will

---

[6] In its motion, Plaintiff requested a judgment "[d]eclaring that the interest of the Oriental Bank Scotia is senior and superior to that of any other lienholder against the referenced property." (Motion, p. 4.) However, Plaintiff failed to provide any support thereof.

[7] The Court notes that, Michelle P. Thomas indicated in her affidavit that "Nichols Neman [sic] legal fees of $320.00 and Foreclosure expense of $2,560.70 were subtracted for the total outstanding balance" and that "[t]hese sums totaling $2,880.70 represent attorney's fees and costs incurred as of April 15, 2021, which will be awarded at the Court's discretion." (Thomas Aff. ¶ 6, n.1.) However, Plaintiff failed to provide any support of its requests for costs and reasonable attorney's fees.

reserve ruling on Plaintiff's motion for default judgment and entering a judgment in this matter

until after receipt of said title search. Accordingly, it is hereby:

**ORDERED** that, **within thirty (30) days from the date of entry of this Memorandum**

**Opinion and Order,** Plaintiff shall file a certified copy of the title search for the Property to

supplement its motion for default judgment. **And** it is further:

**ORDERED** that Plaintiff's request for costs including reasonable attorney's fees is

**DENIED WITHOUT PREJUDICE.**

**DONE and so ORDERED this** _7ᵗʰ_ **day of** Sept., **2021.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
        Court Clerk

Dated: _____

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**